OPINION
Defendant-appellant Rebecca J. Kalman appeals her conviction and sentence from the Ashland County Court of Common Pleas on one count of forgery in violation of R.C. 2913.31(A)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 30, 1999, the Ashland County Grand Jury indicted appellant on three counts of forgery in violation of R.C. 2913.31(A)(3), felonies of the fifth degree. Appellant had found a checkbook in an alley and forged the owner's name on the checks. Appellant's co-defendant used the checks for purchases. At her arraignment on July 9, 1999, appellant entered a plea of not guilty to the charges contained in the indictment. Subsequently, on October 4, 1999, appellant withdrew her former not guilty plea and entered a plea of guilty to one count of forgery in violation of R.C. 2913.31(A)(3). The remaining two counts of forgery were dismissed upon appellee's motion. As memorialized in a Judgment Entry filed on November 17, 1999, appellant, on November 5, 1999, was sentenced to ten months in prison. It is from her conviction and sentence that appellant now prosecutes her appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IGNORING SENTENCING FACTORS FAVORABLE TO THE DEFENDANT-APPELLANT.
 I
Appellant, in her sole assignment of error, argues that the trial court failed to consider sentencing factors contained in R.C. 2929.12
that favored a lesser sentence for appellant. We disagree. A trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. See State v. O'Dell (1989),45 Ohio St.3d 140 and State v. Hall (Feb. 28, 2000), Stark App. No. 1999CA00264, unreported. We, as a reviewing court, will not disturb a trial court's decision with respect to sentencing unless we find that there was an abuse of discretion. See Hall, supra. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. It is based upon this standard that we review appellant's assignment of error. R.C. 2929.11
articulates the purposes of felony sentencing. Such section provides, in relevant part, as follows: (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
R.C. 2929.13 provides guidance for sentencing based upon the degree of felony. As is stated above, appellant in the case sub judice entered a plea of guilty to forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. R.C. 2929.13(B) addresses sentencing for fourth and fifth degree felonies. Pursuant to such section, a trial court must determine whether any of the following factors are applicable: (a) In committing the offense, the offender caused physical harm to a person. (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused psychical harm to a person. (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others. (e) The offender committed the offense for hire as part of an organized criminal activity. (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34
of the Revised Code. (g) The offender previously served a prison term. (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
R.C. 2929.13(B)(2)(a) further provides as follows:
If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender. (Emphasis added). Appellant, in the case sub judice, challenges the trial court's consideration and application of the seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E). R.C.2929.12 provides, in relevant part, as follows: (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property. (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.
(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
Thus, while the factors set forth in R.C. 2929.12 (B) and (C) concern the seriousness of the offense, the factors set forth in R.C. 2929.12 (D) and (E) relate to recidivism. Appellant, in the case sub judice, specifically contends that the trial court failed to find that the victim, by leaving her checkbook in an alley, facilitated the offense. See R.C. 2929.12(C)(1). Appellant further maintains that the trial court should have found that appellant showed genuine remorse for the offense since appellant "testified to that effect and had made restitution to the victim." Finally, appellant argues that the trial court should have taken into account that the appellant had made restitution since a trial court, in sentencing an offender, should consider all relevant factors including, but not limited to, those factors listed in R.C. 2929.12. See State v. Parker (Jan. 19, 1999), Warren App. No. CA98-04-025, unreported. At the sentencing hearing in this matter, appellant testified that she had made restitution to the victim and that she was very sorry that she committed the offense of forgery. Appellant also testified that she previously had been convicted of attempted felonious assault. At the conclusion of such hearing, the trial court stated, in part, as follows in sentencing appellant to prison for ten months: Now the court is further directed in felony sentencing by Sections 2929.12 and 13 which outline for the court seriousness factors and recidivism factors to be considered in imposing felony sentencing. The probation department of this court has done an investigation and report which contains the following findings in that regard: First, with regard to recidivism factors, under recidivism likely, the first factor present is that the offender was either out on bail before trial or sentencing or under court sanction or post release control or parole when this offense was committed. And the offender was on shock probation out of Huron County for the offense she just testified about at the time of this offense. Secondly, prior adjudications for criminal convictions. And as indicated, this offender has a prior felony conviction and significant misdemeanor conviction record. Third, the failure to respond favorably in the past to sanctions imposed for criminal convictions, and as indicated here, she was, again, on shock probation out of Huron County at the time the offense in question was committed. Under recidivism unlikely, one factor is noted. That no known or identifiable juvenile record was detected. And under seriousness factors, under less serious, none are present. Under more serious, the victim suffered serious psychological or economic harm as a result of the offense. And serious economic harm did result as a result of the conduct of this offender. Therefore, the court is finding that this offender is not amenable to another community control sanction being currently in violation of her existing shock probation at the time of this offense. The court is therefore finding that a prison term is necessary to achieve the statutory sentencing guidelines set forth above.
Transcript of Proceedings at 10-12. The trial court, in its November 17, 1999, Judgment Entry, reiterated the same findings. We find, based upon our review of the record, that the trial court did not abuse its discretion in sentencing appellant to ten months in prison rather than imposing a lesser sentence or community control sanctions on appellant. Such decision was clearly and convincingly supported by the record and, therefore, did not constitute an abuse of discretion. The record supports a finding that the trial court properly considered the relevant statutory factors in sentencing appellant . Contrary to appellant's assertion, the fact that the victim left her checkbook in an alley does not mean that the victim facilitated the offense and is not, therefore, a mitigating factor. Moreover, while appellant claims that the trial court failed to consider pursuant to R.C. 2929.12(E)(5) that appellant was remorseful, appellant clearly testified to such effect at the sentencing hearing. However, the trial court is in the best position to determine credibility of that testimony. In addition, the court noted in Parker, supra., the "weight to be given those factors [in R.C. 2929.12] is within the discretion of the trial court." The trial court, therefore, was within its discretion to give appellant's testimony that she was remorseful and that she had made full restitution to the victim little or no weight.
Accordingly, for the foregoing reasons, appellant's sole assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is, therefore, affirmed.
 __________________ Edwards, J.
J. Hoffman, P.J. and Farmer, J. concurs